EDWARD H. PARKER, Respondent, *v.* ROBERT C. PAGE. — H. L. HILL, Garnishee and-Appellant.

Garnishee — Proceedings Supplementary to Execution. — In proceedings supplementary to the execution, the denial of the debt, or the adverse claim to the property by the garnishee, contemplated by the Practice Act, is a claim or denial in *good faith*, and not one of mere pretense.

Idem. — When it is evident that the garnishee is acting in bad faith, in denying his indebtedness or asserting his claim, the referee may treat it as fraudulent, and disregard it.

Idem — Presumptions to Sustain the Judgment of the Referee. — In the absence of explicit findings upon material points, it will be presumed that the referee found the facts necessary to support the judgment.

Appeal from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion.

*Hambleton & Gordon*, for Appellant.

*S. F. & L. Reynolds*, for Respondent.

For appellant, it was argued that Section 243 of the Practice Act is controlled in its operation and effect by Section 244. The latter section points its true interpretation, and confines it simply to cases where the garnishee does not deny the liability, nor claims an adverse interest.

In other words, Section 243 dwindles merely to the *discovery* of undoubted effects of the judgment debtor; which,

when *found* and *uncontested*, may be ordered paid over by judge or referee.

And to authorize the exercise of this arbitrary power, the two pre-requisites must concur. First—Property *belonging* to the judgment debtor must be conclusively shown in the hands of the garnishee. Second—The title to it must be uncontested. It is not enough to justify this order, that upon deliberate reflection, it appears probable to the judge or referee, that after a trial of fact, judgment would be pronounced against the garnishee, for this would deprive him of his right of trial by jury, of bringing in all parties concerned, and make him run the hazard of a double recovery.

The party seeking to enforce this remedy must go further, and show that the garnisher's answer is sham—that there is *no* doubt as to the evidence of such debt, and no controverted rights of property.

The utter falsity and bad faith of the garnishee's answer must be conclusively shown, to authorize such action as was had in this case, which, we believe, has never been claimed or hinted at.

Should the judgment creditor raise the issue of fraudulent assignment of the debt at this stage of the proceedings, and his charge appear true, still, even that issue would have to go to another tribunal. (*Burt and Wife* v. *Heltinger*, 28 Ind. 217 ; *Welsh* v. *Pittsburgh R. R. Co.* 11 Ohio State Rep. 573 ; *Van Wyck* v. *Bradley*, 3 C. R. 157 ; *Sherwood* v. *B. & N. Y. R. R. Co.* 12 How. Pr. 139–140; *Tompkins County Bank* v. *Trapp*, 21 How. Pr. 17 ; *Crounse* v. *Whipple*, 34 How. Pr. 333 ; *Rodman* v. *Henry*, 17 N. Y. 482.)

To the same effect are the cases of *Cole* v. *Sater* (5 Minn. 468); *Smith* v. *Clarke* (9 Iowa, With. 241); 11 *Id.* 166.)

Crockett, J., delivered the opinion of the Court:

The plaintiff caused an attachment to issue against the defendant, under which Horace L. Hill was summoned as garnishee. After obtaining a judgment against the defendant, the plaintiff procured an order for the examination of Hill before a referee, under Section 241 of the Practice Act.

On the examination, Hill testified, in substance, that in July, 1866, the defendant was a member of the Board of Brokers, and failed in business, being indebted, amongst others, to four or five members of the Board, of whom Hill was one; that the defendant paid, at the time of his failure, to these creditors, a portion of his indebtedness to them, and placed in the hands of Hill a promissory note of one Levy, the proceeds of which, when collected, were to be paid to these particular creditors *pro rata;* that in May, 1868, Hill collected $1,000 in gold coin on the note, and after retaining enough to satisfy his own demand against the defendant, there remains in his hands $552 in gold coin; that on receiving the $1,000, he made diligent inquiry for the other creditors to whom the money was to be paid, but "had no data to know who they were at the time of his failure, and had forgotten, aside from myself; I was one of them." He further says : "The note was placed in my hands by the assent of Page, by the President of the Board." There was no evidence as to the amount due from Page to the creditors referred to, nor whether the whole or any part of it has been paid from other sources; nor does Hill state whether or not he was successful in his efforts to ascertain who the creditors were, or where they reside; nor does it appear that he applied to the defendant or to the President of the Board for information on that subject.

Upon these facts, the referee found that there remained in the hands of Hill $552 in gold coin, the property of the defendant, which he ordered to be applied toward the satisfaction of the plaintiff's judgment. This order was affirmed by the District Court, and the garnishee, Hill, has appealed.

Under Section 243 of the Practice Act, the Court is authorized to order "any property of the judgment debtor, not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment," except the earnings of the debtor for his personal services, for a limited period. Section 244 provides that if the person alleged to have in his possession property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or

denies the debt, the Court may authorize the judgment creditor to institute an action against such person for the recovery of such property or debt; and in the meantime, may forbid a transfer of the property until the action is decided.

The question for our decision is, whether or not the fund in the hands of the garnishee comes within the provisions of this section. It is quite evident that Hill does not claim an interest in the $552 adverse to the defendant. His debt has been fully paid, and the Court ordered only the remainder of the fund to be applied toward the plaintiff's judgment.

Hill has no personal interest in that portion of the fund ordered to be paid to the plaintiff. But he denies that Page, the judgment debtor, is entitled to or has any interest in the fund, which it is said was specially appropriated to the payment of certain debts, and that Hill holds it in trust for that purpose; that as such trustee, it is his duty to see that the fund is properly applied, and that he will be personally liable to the *cestui que trust* for any misapplication of it, and that if he pays it to the plaintiff, under the order of the Court, this will be no protection to him, inasmuch as the creditors are not parties to the proceeding.

It was the peculiar province of the referee to decide upon the *facts* of the transaction; and the main fact for his decision was, whether or not Levy's note was placed in the hands of Hill, under the circumstances and for the purposes detailed by him, and whether or not the debts to which it was to be applied remain unpaid. In the absence of explicit findings on this point, we must assume that the referee found the facts necessary to support the judgment. We must presume that he found that the facts were not as stated by Hill, or that the debts to which the proceeds of the note were to be applied, have been paid from some other source. And this brings us to the question whether, on these facts, it was the duty of the Court to order the fund to be paid to the plaintiff, under Section 243 of the Practice Act, or whether, under Section 244, it ought not to have remitted the plaintiff to his action against the garnishee, in the meantime restraining the fund in his hands by an appropriate order. Counsel for the garnishee insist that, under Section 244, when it is

alleged that the garnishee is indebted to the judgment debtor, or has in his hands property belonging to him, if the fact is denied, the *only* order which the Court can properly make, is one authorizing the judgment creditor to institute an action against the garnishee, in order to adjudicate the disputed fact in a proceeding having all the necessary parties before the Court. This is undoubtedly true, if the denial be made in good faith. The obvious purpose of Section 244 was to entitle the garnishee, who, in good faith, denied that he had any property of the judgment debtor, or was in any wise indebted to him, to the benefit of a trial in a regular action with the proper parties, and before a jury in a proper case. In such cases, it was not intended to subject the garnishee to a trial of the disputed fact in a summary proceeding before a referee or the Court. It might be essential to the ends of justice to bring in other parties besides the garnishee, in order to settle in one action all controversies respecting the fund or property in contest. This is peculiarly applicable to funds alleged to be held by the garnishee in trust for others. The right to the fund ought not to be adjudicated in a summary proceeding, in the absence of those alleged to be the beneficial owners of it. In many cases, no proper judgment subjecting the fund wholly or partially to the demand of the judgment creditor could be entered, without appropriate provisions for the security of the garnishee, or others interested in the fund, and neither the referee or the Court, in a summary proceeding, could make the necessary orders for this purpose. In this particular case the difficulty is, that the garnishee is apparently unable to furnish either the names or places of residence of the persons for whom he claims to hold the fund, though admitting that in 1866 they were members of the Board of Brokers at San Francisco; and it would appear manifest that a very moderate degree of diligence would have enabled him to ascertain their names, either by inquiry from the members, from the President of the Board, from whom he received Levy's note, or from the defendant in person. It may be that the referee deemed the testimony of the garnishee on this point so evasive as to discredit it; and when it is evident that the garnishee is acting

in bad faith in denying his indebtedness to the judgment debtor, and makes the denial only in form and for purposes of vexation and delay, the referee may treat it as fraudulent, and disregard it. The denial of the debt or the adverse claim to the property, contemplated in Section 244, is a claim or denial *in good faith*, and not a mere fraudulent sham, resorted to for purposes of delay. To permit a fraudulent garnishee for the mere purpose of delay, and who, evidently, is acting in bad faith, to avail himself of Section 244, in order to drive the judgment creditor to an action against him, would be to pervert the true purpose of that section, and make it a shield for fraud, instead of an instrument of justice. But when the referee or the Court disregards the adverse claim or denial on this ground, the better practice would be so to state in the finding, in order that its action in that behalf may be subject to review in the appellate Court. In this case, the referee does not state in his report whether he deemed the denial of the garnishee to be fraudulent, and made only for delay, or whether, assuming the facts disclosed to be true, he held, as a conclusion of law, that the garnishee was indebted to the defendant. But the statement of the garnishee is so meagre and unsatisfactory, that we think the referee may well have treated his denial of the debt as evasive and made in bad faith; and, though this fact is not expressly found, we will presume it to have been so found, in support of the judgment. If there be any creditors of the defendant who are entitled to the fund, under the arrangement referred to by Hill, their rights are not concluded by this proceeding. They are not parties to it, and therefore are not bound by it, and may yet, by an action, in the nature of a bill of interpleader, settle the rights of all parties interested in the fund. But as the case is now presented, we perceive no error in the record.

Judgment affirmed.

RHODES, J., expressed no opinion.