By the Court,
Hawley, C. J.:
Appellants were brought into court in the above entitled suit under the provisions of section 243 of the civil practice act, relating to proceedings supplementary to execution. The district court appointed a referee, with full power to hear and determine all questions arising upon the examination of the parties, and to make all due and proper order therein, etc.
On the twelfth day of December, 1876, the referee made an order requiring P. N. Marker & Co. to pay over to the sheriff the sum of six hundred and sixty-nine dollars and eleven cents in satisfaction of the judgment recovered by the respondent Hagerman, against the defendant, Tong Lee. On the twentieth day of January, 1877, the court overruled appellant’s motion to set aside said order of the referee. On the thirtieth day of January the court made an order that said P. N. Marker and John Marker (P. N. Marker & Co.) pay over the amount ordered by the referee within two days, “and unless they so pay then that they stand committed and be imprisoned in the county jail of Washoe county until they, or either of them, shall pay said sum and the costs of the proceedings for contempt.”
This appeal is taken from each of these orders. The notice of appeal was filed January 30, 1877, and the statement on appeal was filed on the second day of February, 1877.
*336 The order made by the referee was an appealable order. (McCullough v. Clark, 41 Cal. 299,) and the statement on appeal not having been filed within twenty days after the order was made, as required by section 332 of the civil jDractice act, cannot be considered on the appeal from that order.
The order of the court adjudging appellants to be in contempt upon failure to pay over the money, is in the nature of a civil process, and is, under the principles decided in Phillips v. Welch, 11 Nev. 190, an appealable order. (See also Forbes v. Willard, 54 Barb. 520.)
The statement on appeal, therefore, in so far as it relates to the last order, is properly before us for consideration. From this statement it appears, among other things, that when P. N. Marker was garnisheed he made “a written statement to the effect that there was no sum due from him to the said Tong Lee, but that he had a contract for cutting wood with Tong Lee; that the same was not then completed; that no sum was then due thereon, but that when the same is completed there may be sóme sum due him, but what amount he was then unable to state.” Subsequently, P. N. Marker & Co., in answer to the order compelling them to show cause why they should' not ¿>ay over the money or in default be committed for contempt, allege that they at all times denied, and still do deny, “ any indebtedness due or owing * * * to the said Tong Lee.” They also allege “ that it is not in the power of said copartnership to at present comply with the order of the referee.”
These statements seem to have been made in good faith; at least there is no finding to the contrary. The question presented by the record necessarily involves a construction of sections 243, 245, 246 and 247 of the statute relating to proceedings supplementary'to execution.
Under these proceedings the judgment creditor can, in a summary manner, compel the disclosure of any property belonging to the judgment debtor in the hands or under the control of any other person, and of any indebtedness due to the judgment debtor, and for this purpose great latitude is usually allowed in the examination. The creditor is always entitled to prosecute the inquiry to such an extent *337 as to enable him to ascertain the true condition of the property and business affairs of the judgment debtor. (McCullough v. Clark, supra.)
But we do not think that the statute authorizes the court or referee to make an order requiring any person whom the creditor claims is indebted to the judgment debtor to pay over money in satisfaction of the judgment, unless such person admits the indebtedness and acknowledges the possession or control of the amount due, or these facts are established by clear and indisputable evidence. When the affidavit provided for in section 243 is filed the foundation is laid to commence the inquiry whether the person or corporation has any property which can be applied i o the satisfaction of the judgment. (Hathaway v. Brady, 26 Cal. 589; Edgarton & Wilcox v. Hanna et al., 11 Ohio St. 323.)
The provision as to “property of the judgment-debtor,” “ or due to the judgment-debtor,” in section 245, gives authority to the judge or referee to order any person who has possession of goods, specific money, or other property belonging to-the judgment-debtor, or due to him, to deliver or pay over the same, “to be applied to the satisfaction of the judgment.” (Union Bank of Rochester v. Union Bank of Sandusky, 6 Ohio St. 261; Edgarton & Willcox v. Hanna et al., supra; West Side Bank v. Pugsley, 47 N. Y. 374.)
But “if it appears that a person or corporation alleged to have property of the judgment-debtor, or indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment-creditor to institute an action against such person or corporation for the recovery of such interest or debt; and the court and judge may, by order,-forbid a transfer or other disposition of such interest or debt until an action can be commenced and prosecuted to judgment.” (Section 246.) If any person disobeys an order of the referee properly made in the proceedings, “ he may be punished by the court or judge ordering the reference for a contempt.” (Section 247.)
When these various sections are considered together, it seems perfectly plain that the judge or referee can only order *338 property to be applied to the satisfaction of tbe judgment when the debtor’s title thereto is clear and undisputed. If the plaintiff only claims, as in this case, that the person under examination is indebted to the judgment-debtor, then the judge or referee can only order such pei’son to pay over the money when such person admits the indebtedness, and acknowledges his ability to pay the amount due, or these facts are established by other equally clear and indisputable evidence.
If there is any dispute as to the ownership of the property, or if the person proceeded against in good faith denies the debt, neither the judge nor the referee has any power or authority whatever, in these proceedings, to decide the disputed question and order the property delivered, or money adjudged to be due to be paid over in satisfaction of the judgment.
In this proceeding, the debt having been denied, the only course for the plaintiff to have pursued, if he desired to contest the matter, was to apply for an order forbidding any transfer or other disposition of the debt, and also for an order authorizing the commencement of an action in the proper court “for the recovery of such * * * debt,” as provided in section 246. (Rodman v. Henry, 17 N. Y. 484; Parker v. Page, 38 Cal. 526; Stewart v. Foster, 1 Hilton, 508; Barnard v. Kobbe, 3 Daly, 377; Alexander v. Richardson, 7 Robt. 64; Crounse v. Whipple, 34 How. Pr. 335; Beebe v. Kenyon, 3 Hun. 74; West Side Bank v. Pugsley, supra; Hathaway v. Brady, 26 Cal. 593; and other authorities cited in appellants’ brief.)
The order made on the thirtieth of January, is clearly erroneous, and must .be reversed.
It is claimed by respondent’s counsel that there is nothing in the record to show that appellants denied the debt at the time the referee made the order requiring them to pay over the money, and he thereupon argues that, this order was properly made, and that it ought not to be disturbed. If it affirmatively appeared from the order that Marker & Co. at that time admitted the indebtedness, and acknowledged their ability to pay it, the position of counsel would be cor *339 rect. (Beebe et al. v. Kenyon, 3 Hun. 73.) But the order does not, upon its face, contain any such statement. It not only fails to state the facts necessary to sustain it, but it affirmatively states facts which show that the referee had no authority in the premises to make any such order.
It appears from the order that the referee, “from the pleadings, files and record of said cause, and from the testimony and documentary evidence presented” upon the examination, adjudicated upon and determined the disputed question as to the indebtedness. This being true, the order shows upon its face that it is absolutely null and void. (People ex rel. Williams v. Hulburt, 5 How. Pr. 448.)
The orders appealed from are reversed, and cause remanded for further proceedings.