**COFFMAN  v.  COBRA MFG. CO.**
No. 13672.

United States Court of Appeals,
Ninth Circuit.
June 28, 1954.

Rehearing Denied Sept. 1, 1954.

**490**

Reynolds, Painter & Cherniss, Louis Miller, Los Angeles, Cal., for appellant.

Ernest R. Utley, Joseph B. Beckenstein, Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and JAMES M. CARTER, District Judge.

STEPHENS, Circuit Judge.

As will hereinafter more particularly appear, Harry J. Coffman is here appealing from a judgment of the district court in a supplementary proceeding [1] ordering that he pay to the Cobra Manufacturing Company the sum of $6,254.25, together with interest at the rate of six per cent. per year from November 5, 1947, and costs. The order is based upon the findings of a special master that Coffman owed more than the above stated amount to Aircraft Engineering Company against which Cobra holds an unsatisfied judgment in the stated amount.

In March, 1946, Cobra filed a petition for an arrangement under Chapter XI [2] of the Bankruptcy Act. Aircraft filed a proof of claim [3] against Cobra in the sum of $1,868.16. Such claim was denied by the bankrupt who also filed a counterclaim and set-off against Aircraft for $6,254.25.[4]

The referee in bankruptcy conducted a summary hearing on the claim and counterclaim. No objection to the proceeding was interposed. At the conclusion of the hearing the referee made findings of fact and conclusions of law denying Aircraft's claim entirely and entering an order awarding Cobra $6,254.25 on its set-off and counterclaim. The order of the referee, signed May 20, 1947, was taken to the district judge on a petition for review [5] and the judge caused judgment to be entered on November 5, 1947, affirming the referee's findings, conclusions, and order. No appeal was taken therefrom.

The Chapter XI arrangement was completed successfully on September 14, 1948, and all of the assets remaining after complete payments in accord with the arrangement, including the judgment against Aircraft, were returned to Cobra. Thus, Cobra had an unsatisfied judgment against Aircraft. Cobra took out execution on the judgment against Aircraft, entirely free from the bankruptcy proceedings, and it was returned unsatisfied. Whereupon, Cobra instituted supplementary proceedings under Rule 69 of the Federal Rules of Civil Procedure. The district court ordered Coffman (and others) to appear for examination and a special master was appointed to take testimony relating to the discovery of assets of Aircraft, inclusive of such assets as were held by Coffman, and to report his findings of fact and conclusions of law to the court.

The special master found that Coffman is now and was at the time the debt owed to Cobra arose, the dominant and controlling stockholder, as well as the president, of Aircraft; that Coffman occupied a fiduciary relationship to Cobra, a creditor of Aircraft; that Coffman appropriated funds of Aircraft in the amount of $9,240.46 to his own use and benefit and such an appropriation was wrongful, in breach of trust and directly

---

1. Rule 69 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A.

2. Title 11 U.S.C.A. § 701 et seq., § 301 et seq. of the Bankruptcy Act.

3. Title 11 U.S.C.A. § 93; § 57 of the Bankruptcy Act.

4. Title 11 U.S.C.A. § 108; § 68 of the Bankruptcy Act.

5. Title 11 U.S.C.A. § 67, sub. c; § 39, sub. c of the Bankruptcy Act.

caused Aircraft's inability to pay the judgment to Cobra; that although Coffman denies that he owes Aircraft $9,240.16, the denial is not in good faith.

Thereafter the district court re-referred the matter to the special master to determine Coffman's claim that he was not indebted to Aircraft since Aircraft owed him $12,207.39 which must be set-off against the $9,240.46 which he allegedly owed Aircraft. The special master found that Coffman's claim "lacks integrity" and held that Aircraft does not owe Coffman $12,207.39, or any other sum.

The district court caused a judgment and order to be entered adopting the report of the special master and overruling objections thereto. Coffman appealed.

Coffman first collaterally attacks the judgment which Cobra obtained against Aircraft in the bankruptcy proceedings. He argues that a condition precedent to any supplementary proceeding in aid of a judgment is a valid and enforceable judgment, and that the judgment from which the instant action springs was totally null and void since it was outside the summary jurisdiction of the bankruptcy court wherein it was entertained.

■■ The summary jurisdiction of the bankruptcy court is in general limited to proceedings in bankruptcy where the property is actually or constructively in the possession and control of the court.[6] Where the trustee claims property which is held adversely and is outside of the court's possession, the trustee may institute and maintain action thereon in summary proceedings in the bankruptcy court only if the adverse party consents thereto. Otherwise, a plenary action is necessary.[7]

■■ Acquiescence in or failure to make a timely objection to the court's summary proceedings may constitute consent [8] and the right to plenary proceedings may be considered waived.[9] Congress in enacting Section 23, sub. b of the Bankruptcy Act [10] has made the consent of an adverse party defendant in a suit by a trustee in bankruptcy to recover property which is outside the bankruptcy court's possession in effect an additional ground for federal jurisdiction.[11]

■ But only when acquiescence or consent (a question of fact) appears can the court go forward to a judgment, and since the court did go forward in this case it must be conclusively presumed that all things necessary to support the judgment are present. All intendments are presumed in favor of the judgment. Coffman here is collaterally attacking a judgment of a court of competent jurisdiction exercising its power within its subject matter jurisdiction. This can only be done by showing a fatal defect on

6. Murphy v. John Hoffman Co., 1909, 211 U.S. 562, 29 S.Ct. 154, 53 L.Ed. 327; Cline v. Kaplan, 1944, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L.Ed. 97; Thompson v. Magnolia Petroleum Co., 1940, 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876; 2 Collier on Bankruptcy, § 23.02 et seq.; 5A Remington on Bankruptcy, § 2350.

7. Cline v. Kaplan, 1944, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L.Ed. 97; 2 Collier on Bankruptcy, § 23.12.

8. In B. F. Avery & Sons Co. v. Davis, 5 Cir., 1951, 192 F.2d 255, it was held that a creditor who had filed a proof of claim had not impliedly consented to summary adjudication of the trustee's claim for recovery of a preference. Contra: In re Nathan, D.C.S.D.Cal., 1951, 98 F. Supp. 686. See discussion in 2 Collier on Bankruptcy, § 23.08[6]; In re Solar Mfg. Corp., 3 Cir., 1952, 200 F.2d 327, cert. denied sub. nom. Marine Midland Tr. Co. v. McGirt, 1953, 345 U.S. 940.

9. Cline v. Kaplan, 1944, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97; In re Hopkins, 2 Cir., 1916, 229 F. 378; cf. § 2, sub. a (7), of the 1952 Amendment to the Bankruptcy Act, Title 11 U.S.C.A. § 11, sub. a (7), and its effect upon Cline v. Kaplan, supra, and Louisville Trust Co. v. Comingor, 1902, 184 U.S. 18, 26, 22 S.Ct. 293, 46 L.Ed. 413.

10. Title 11 U.S.C.A. § 46, sub. b.

11. Schumacher v. Beeler, 1934, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433; Williams v. Austrian, 1947, 331 U.S. 642, 652, 67 S.Ct. 1443, 91 L.Ed. 1718.

the face of the judgment roll, which is not claimed here.

The question whether the entry of the District Court of November 5, 1947, was in form or intention a judgment is not here determined.

### The Proceedings After Termination of Bankruptcy Proceedings

Cobra's execution on its judgment against Aircraft having been returned unsatisfied, Cobra instituted supplementary proceedings in the district court, entirely distinct from the bankruptcy proceedings, to discover Aircraft's assets and levy thereon. Rule 69(a) of the Federal Rules of Civil Procedure provides that:

" * * * The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of a state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. * * * "

The applicable provisions for supplementary proceedings in California, the state in which the instant proceedings were held, are found in the California Code of Civil Procedure [C.C.P] at Sections 714 through 723.

Section 717 C.C.P. permits a judge to order any person who is shown, by proof of affidavit or otherwise, to be indebted to the judgment debtor in an amount exceeding $50.00, to appear before the judge or a referee appointed by him to answer concerning the debt. Under the provisions of Section 719 C.C.P., "[t]he judge or referee may order any property of the judgment debtor, not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment; but no such order can be made as to money or property in the hands of any other person or claimed to be due from him to the judgment debtor, if such person claims an interest in the property adverse to

the judgment debtor or denies the debt." In the latter two circumstances the judgment creditor may bring a general action against the adverse claimant, and pending the commencement and prosecution to judgment of such an action, the judge or referee can forbid the adverse claimant from in any way disposing of his interest or debt. Section 720, C.C.P.

Coffman denied and continues to deny any indebtedness to Aircraft, the judgment debtor, which would be subject to garnishment. While admitting that he owes Aircraft $9,240.46, Coffman contends that his debt to Aircraft is more than set-off by the sum of $12,207.39 which Aircraft owes him. He therefore contends that under the terms of the referred to sections of the California Code of Civil Procedure, he is not subject to the summary treatment of a supplementary proceeding. He objected thereto before the special master in the supplementary proceeding, again before the district judge, and he continues, here, to object in this direct appeal from a judgment rendered against him in a proceeding in which he was a party.

The special master found that Coffman's claim of a set-off was a mere bookkeeping entry which "lacks integrity". He concluded therefrom that Coffman's denial of indebtedness was in bad faith and was no bar to the supplementary proceeding.

Cobra contends that Coffman's denial of the debt is in bad faith, and that since the special master so held, a summary proceeding was sufficient. Cobra relies on the case of Parker v. Page, 1869, 38 Cal. 522, wherein the Supreme Court of California held: "The denial of the debt or the adverse claim to property, contemplated in Section [719], is a claim or denial *in good faith*, and not a mere fraudulent sham, resorted to for purposes of delay. To permit a fraudulent garnishee for the mere purpose of delay, and who, evidently, is acting in bad faith, to avail himself of Section [719], in order to drive the judgment creditor to an action against him, would be to pervert the true purpose of that section, and make it a shield for fraud,

instead of an instrument of justice." 38 Cal. at page 527.

The situation in Parker v. Page, supra, involved a garnishee who held a fund in which he claimed *no personal interest,* but who denied that the judgment debtor had any interest in the fund either. The garnishee claimed only that he sought to protect himself from any personal liability to the *cestui que trust* for any misapplication of the fund. None of later California cases pay more than mere lip service to this Parker v. Page doctrine.[12]

■■ While in some circumstances it may be that the bare denial [13] by the third party that he is indebted to the judgment debtor or that he has possession of property belonging to the judgment debtor may not be sufficient to defeat the summary procedure provided by § 719 C.C.P., a reasonable *prima facie* claim to such effect will defeat it. If we give the "good faith" principle the wide play contended for by Cobra, then whether Coffman can be examined under the provisions of § 719 C.C.P. depends upon whether the trier of fact is impressed favorably or unfavorably as to the sincerity of Coffman's claims. It seems to us that it must appear beyond a reasonable doubt that Coffman's contentions are so unbelievable, fantastic, or so palpably inconsistent that they can but be held to be sham throughout, before Coffman's right to a classical plenary hearing can be denied him. We hold that Coffman's claim does not justify such a determination. We think the California cases are in accord.[14] Of course, we do not express nor do we intimate any other conclusion as to the effect of the evidence.

We conclude that the summary supplementary proceeding was erroneous and that the error requires reversal of the judgment.

Reversed.

---

12. E. g., Hartman v. Olvera, 1876, 51 Cal. 501; Ex parte Hollis, 1881, 59 Cal. 405, 414; Deering & Co. v. Richardson-Kimball Co., 1895, 109 Cal. 73, 83, 41 P. 801; Lewis v. Chamberlain, 1895, 108 Cal. 525, 41 P. 413; Wulfjen v. Dolton, 1944, 24 Cal.2d 878, 151 P.2d 840, 846; 11 Cal. Jur., Executions, § 91.

13. Finch v. Finch, 1909, 12 Cal.App. 274, 107 P. 594, 598.

14. See footnote 12, supra.