HUMANA INC. d/b/a HUMANA HOSPITAL SUNRISE, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE JACK LEHMAN, District Judge, Respondents, SOUTHERN NEVADA EQUIPMENT CO., INC., a Nevada Corporation, Real Party in Interest.

No. 23958

HUMANA INC. d/b/a HUMANA HOSPITAL SUNRISE, Petitioner, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Clark, and THE HONORABLE JOSEPH T. BONAVENTURE, District Judge, Respondents, RYAN TERRY PRETNER, JERRY FOX, MARY FOX and DARREN P. MIEHE, Real Parties in Interest.

No. 24050

February 4, 1994                    867 P.2d 1147

*Lionel Sawyer & Collins* and *John R. Bailey,* Las Vegas, for Petitioner.

*Edwards, Hale & Hansen* and *Kym Cushing,* Las Vegas, for Real Party in Interest.

## OPINION

*Per Curiam:*

These petitions for writs of mandamus or prohibition arise from personal injury lawsuits. On March 16, 1992, and October 6, 1992, respectively, real parties in interest served the custodian of medical records for Humana Hospital Sunrise ("Humana") with subpoenas duces tecum requiring the custodian to appear at depositions and to bring any and all medical records pertaining to the plaintiffs below. Humana's custodian did appear at the depositions with the requested medical records; however, since the real parties in interest did not have either the consent of the plaintiffs below or specific court orders, the custodian was unwilling to disclose the medical records.

Real parties in interest sought and obtained an Order to Show Cause why Humana should not be held in contempt of court and punished accordingly for failing to fully comply with a subpoena duces tecum. Discovery conferences were held and the discovery commissioners in both cases found that Humana had failed to show good cause why it did not comply with the subpoenas. Further, the discovery commissioner in Case No. 24050 recommended that Humana be sanctioned $500 for its failure to comply. In Case No. 23958, monetary sanctions were stayed pending this court's resolution of the issue raised by these petitions.

Humana filed objections to the discovery reports with the Eighth Judicial District Court. Judges Bonaventure and Lehman, respectively, affirmed and upheld the commissioners' discovery reports. Humana petitions this court to issue an extraordinary writ directing the district courts to vacate their orders affirming the discovery commissioners' reports. These cases were consolidated for appeal[1] and present the same question: whether a health care provider must disclose medical records when served with a subpoena duces tecum signed only by the clerk of court.

Real parties in interest maintain that a subpoena duces tecum is sufficient to compel the disclosure of medical records. Humana asserts that medical records are privileged and confidential documents under NRS 449.720(4). Humana further contends that it should not have been held in contempt nor sanctioned since its refusal to disclose the requested records was pursuant to: (1) NRS 629.061, which permits disclosure of health care records only to the patient (or a representative of the patient) or to specific government agencies, and (2) an Order issued in a previous case

---

[1]The action underlying Case No. 23958 settled on January 27, 1993; however, this does not render the issue moot since Humana faces possible sanctions as a result of our decision in this case.

that identified the "proper avenue" for obtaining a patient's medical records.[2]

We hold that Humana was required to comply with the subpoenas duces tecum and that it did not do so. We further hold that NRCP 45 provides the proper remedy for Humana to object to such subpoenas. Under NRCP 45(b)(1), a party may move the court to quash or modify a subpoena if it is "unreasonable and oppressive." Further, NRCP 45(d)(1) allows a person served with a subpoena to object and demand a court order before that person is required to comply with the subpoena. NRCP 45(d)(1) states that if a person objects to the inspection or copying of any or all of the designated materials, he or she may "serve upon the attorney designated in the subpoena written objection" within ten days of being served. If such written objections are made, the party serving the subpoena is not entitled to inspect or copy the materials except pursuant to a court order.

Sanctions for failure to comply with a subpoena duces tecum might well be inappropriate if imposed against a party who did not show the willful disregard for NRCP 45 that Humana has shown in these cases. For example, sanctions would be inappropriate if imposed upon a person served with a subpoena, who in good faith was simply unaware of the procedures set forth in NRCP 45(b)(1) and NRCP 45(d)(1). Of course, the record reveals that Humana is not in this position.

In the instant case, Humana objects to the subpoena duces tecum on the basis that the requested medical records could not be released to real parties in interest without either the patient's written consent or a court order. However, Humana neither moved the lower court under NRCP 45(b)(1) to modify or quash the subpoena, nor served upon the attorney designated in the subpoena a written objection which, in turn, would have compelled a court order. Since Humana failed to comply with NRCP 45, this petition is denied.[3]

STEFFEN, SPRINGER and SHEARING, JJ., and ZENOFF, Sr. J.,[4] concur.

---

[2]Humana refers to an Order by then District Court Judge Rose in Henderson v. Ludlow, No. A253367 (Order, April 13, 1988), another case in which the defendants filed a motion for Humana to show cause. The Order states, in pertinent part:

> [T]he Court finds that defendant's motion to show cause is denied. The proper avenue to proceed is on a motion to compel William Henderson [the patient] to execute a medical consent form, or in the alternative, for an order declaring that Henderson has waived the privilege by filing the law suit pursuant to NRS 49.245(3).

[3]THE HONORABLE CLIFF YOUNG, Justice, did not participate in the decision of this matter.

[4]THE HONORABLE DAVID ZENOFF, Senior Justice, was appointed to sit in place of THE HONORABLE ROBERT E. ROSE, Chief Justice.