**132 Nev., Advance Opinion 72**

IN THE SUPREME COURT OF THE STATE OF NEVADA

RHONDA HELENE MONA; AND
MICHAEL J. MONA, JR.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JOSEPH HARDY, JR., DISTRICT
JUDGE,
Respondents,
  and
FAR WEST INDUSTRIES,
Real Party in Interest.

No. 68434



FILED

SEP 29 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus or prohibition challenging a district court post-judgment sanctions order.

*Petition granted in part and denied in part.*

Lemons, Grundy & Eisenberg and Robert L. Eisenberg, Reno,
for Petitioner Rhonda Helene Mona.

Marquis Aurbach Coffing and Terry A. Coffing, Micah S. Echols, and Tye S. Hanseen, Las Vegas,
for Petitioner Michael J. Mona, Jr.

Holley Driggs Walch Fine Wray Puzey & Thompson and F. Thomas Edwards, Rachel E. Donn, and Andrea M. Gandara, Las Vegas,
for Real Party in Interest Far West Industries.

BEFORE THE COURT EN BANC.[1]

*OPINION*

By the Court, GIBBONS, J.:

In this opinion, we consider whether the district court may require a co-trustee of a judgment debtor trust to produce documents regarding the co-trustee's personal finances pursuant to NRS 21.270, and subsequently order the co-trustee's personal bank accounts to be subject to execution pursuant to NRCP 37 and NRS 21.320 in partial satisfaction of a judgment. We conclude that the district court erred in ordering the co-trustee to produce documents and appear for an examination regarding her personal finances without the judgment creditor proceeding against the co-trustee in her individual capacity, or without the court clerk issuing a subpoena pursuant to NRCP 45 and the judgment creditor serving the subpoena upon the co-trustee. Additionally, we conclude that the district court erred when it ordered the co-trustee's personal bank accounts to be executed upon pursuant to NRCP 37 and NRS 21.320 and to be applied to partially satisfy a judgment.

*FACTS AND PROCEDURAL HISTORY*

Petitioners Michael and Rhonda Mona are co-trustees of the Mona Family Trust.[2] Real party in interest and judgment creditor Far West Industries filed suit in California against Michael Mona both individually and in his capacity as trustee of the Mona Family Trust. Far

---

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.

[2]The Mona Family Trust is revocable.

 

West did not name Michael's wife, Rhonda Mona, either as an individual defendant or as a defendant in her capacity as a trustee of the Mona Family Trust. The California Superior Court found that Michael Mona committed fraud and awarded Far West a $17.8 million judgment against Michael—both individually and in his capacity as trustee of the Mona Family Trust. The California court also found that Michael was the alter ego of the Mona Family Trust, and that both Michael and the Mona Family Trust were liable for damages awarded to Far West. Far West then domesticated the California judgment in Nevada against Michael Mona and the Mona Family Trust.[3]

Just before Far West domesticated the California judgment, the Monas entered into a post-marital property settlement agreement, dividing the proceeds from a recent sale of corporate stock equally as their respective sole and separate property. After the California judgment was domesticated, the district court ordered Michael to appear for a judgment debtor examination and produce documents pursuant to NRS 21.270. Michael failed to disclose and produce the post-marital agreement in violation of the court order. Far West subsequently requested to examine Rhonda, as a trustee of the Mona Family Trust, pursuant to NRS 21.270. In response, the district court ordered another round of judgment debtor examinations—one for Michael and one for Rhonda as a trustee of the Mona Family Trust. The district court also ordered the Monas to produce

---

[3]NRS 17.330-.400 govern domestication of foreign judgments. Once domesticated, a foreign judgment "may be enforced or satisfied in" the same manner as a judgment from a district court in this state. NRS 17.350.

an exhaustive list of documents, which included some of Rhonda's personal financial documents. Rhonda did not produce documents in compliance with the court order. Michael failed to produce documents relating to three bank accounts that may have held community property because the accounts were in Rhonda's name.

The district court entered an order to show cause why Rhonda's accounts should not be subject to execution to satisfy Far West's judgment, and why the court should not find the Monas in contempt for failure to comply with the court orders and for lying during the judgment debtor examinations. Following a hearing, the district court entered an order sanctioning the Monas pursuant to NRCP 37 due to the Monas' failure to produce the post-marital agreement as ordered and disclose bank records for the three bank accounts in Rhonda's name. In considering the sanctions available under NRCP 37, the district court found that the creation and funding of the post-marital agreement was a fraudulent transfer intended to hinder, delay, or defraud Far West pursuant to NRS 112.180. The district court concluded that the funds in Rhonda's three bank accounts were community property and were subject to execution by Far West pursuant to NRS 21.320 to partially satisfy the judgment. The district court further concluded that it had "authority pursuant to NRS 21.280 and, to the extent [Rhonda] is considered a third party, pursuant to NRS 21.330, to order [Michael] and [Rhonda] to not dispose and/or transfer their assets." The Monas subsequently filed this petition for writ of mandamus or prohibition seeking to vacate the district court's post-judgment sanctions order.

Supreme Court
of
Nevada

(O) 1947A

## DISCUSSION

*Consideration of the writ petition*

The Monas argue that this court should entertain the petition because (1) Rhonda was not a party to the district court litigation and cannot appeal or exercise any other remedy available at law, (2) the sanctions order is not appealable, and (3) the matter is urgent because the district court's post-judgment sanctions order will result in the release of all funds in Rhonda's separate bank account unless this court intervenes.

"This court has original jurisdiction to issue writs of mandamus and prohibition." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012); *see also* Nev. Const. art. 6, § 4(1). Where there is no "plain, speedy, and adequate remedy" available at law, extraordinary relief may be available. NRS 34.170; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). However, even if an adequate legal remedy exists, this court will consider a writ petition if an important issue of law needs clarification or if review would serve a public policy or judicial economy interest. *See Diaz v. Eighth Judicial Dist. Court*, 116 Nev. 88, 93, 993 P.2d 50, 54 (2000). This court will examine each case individually, granting extraordinary relief if the "circumstances reveal urgency or strong necessity." *See Jeep Corp. v. Second Judicial Dist. Court*, 98 Nev. 440, 443, 652 P.2d 1183, 1185 (1982).

A writ of prohibition is the appropriate remedy for a district court's improper exercise of jurisdiction. *See* NRS 34.320; *see also Smith*, 107 Nev. at 677, 818 P.2d at 851. "A writ of mandamus is available . . . to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486

SUPREME COURT
OF
NEVADA

(O) 1947A

(2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)). "An exercise of discretion is considered arbitrary if it is founded on prejudice or preference rather than on reason and capricious if it is contrary to the evidence or established rules of law." *Nev. Dep't of Pub. Safety v. Coley*, 132 Nev., Adv. Op. 13, 368 P.3d 758, 760 (2016) (internal quotations omitted). As a general principle, we practice judicial restraint, avoiding legal and constitutional issues if unnecessary to resolve the case at hand. *Miller v. Burk*, 124 Nev. 579, 588-89, 188 P.3d 1112, 1118-19 (2008).

A sanctions order is final and appealable. *See Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 245-46, 235 P.3d 592, 594 (2010). However, where the sanctioned party was not a party to the litigation below, he or she has no standing to appeal. *Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 676, 263 P.3d 224, 227 (2011) (concluding that a party's sanctioned attorney had no standing to appeal).

In this matter, we exercise our discretion to consider this writ petition because the petition involves the district court's improper exercise of jurisdiction in a judgment creditor's attempt to proceed against a nonparty in a collection matter. This is a significant and potentially recurring question of law that requires clarification. Additionally, since Rhonda was not a party to the litigation below, she has no standing to appeal. Therefore, we conclude that extraordinary relief is warranted.

*Merits of the writ petition*

"When interpreting Nevada's Rules of Civil Procedure, we turn to the rules of statutory interpretation." *Rock Bay, LLC v. Eighth Judicial Dist. Court*, 129 Nev. 205, 210, 298 P.3d 441, 445 (2013). Even in the context of a writ petition, statutory interpretation is a

question of law that this court reviews de novo. *Otak Nev., LLC v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 86, 312 P.3d 491, 498 (2013). Statutory language must be given its plain meaning if it is clear and unambiguous. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 476, 168 P.3d 731, 737 (2007). Additionally, whether personal jurisdiction has been established is a question of law that this court reviews de novo. *Viega GmbH v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 40, 328 P.3d 1152, 1156 (2014). However, we review a district court's imposition of discovery sanctions under NRCP 37(b)(2) for an abuse of discretion. *See Foster v. Dingwall*, 126 Nev. 56, 65, 227 P.3d 1042, 1048 (2010).

### Writ relief requested as to Michael

After reviewing the petition, we conclude that Michael is not entitled to relief from the post-judgment sanctions order. The district court properly ordered Michael as a party to appear for a judgment debtor examination and produce the identified documents pursuant to NRS 21.270, NRCP 34, and NRCP 69. As Michael was a named defendant, the district court had personal jurisdiction over Michael and could sanction him under NRCP 37 for his failure to comply with the discovery order. Having reviewed the sanctions order, we conclude that it was not arbitrary or capricious as applied to Michael. Accordingly, we deny the petition for mandamus or prohibition relief as to Michael.

### Writ relief requested as to Rhonda

The Monas argue that the district court's post-judgment sanctions order should be vacated as to Rhonda because the district court erred in sanctioning her pursuant to NRCP 37(b)(2) and NRS 21.320. Additionally, the Monas argue that Far West failed to bring a separate

action and obtain a judgment against Rhonda before seeking to execute upon three bank accounts in her name. We agree that the district court erred when entering the sanctions order against Rhonda and grant the petition as to her.

*Nevada law on execution of judgments*

Nevada law provides procedures governing execution on a judgment, *see* NRS 21.010-.260, including proceedings supplementary to execution to aid the judgment creditor in collecting the judgment, *see Greene v. Eighth Judicial Dist. Court*, 115 Nev. 391, 395, 990 P.2d 184, 186 (1999); *see also* NRS 21.270-.340; NRCP 69(a) (providing that proceedings "in aid of execution shall be in accordance with the practice and procedure of the State," i.e., NRS Chapters 21 and 31). Under these procedures, a judgment creditor may conduct the examination of a judgment debtor "at any time after the judgment is entered," NRS 21.270(1), subject to the automatic stay procedures in NRCP 62(a) (10-day stay) and NRS 17.360(3) (30-day stay). NRCP 69(a) also authorizes the judgment creditor to "obtain discovery from any person, including the judgment debtor, in the manner provided in" the NRCP, which we have interpreted as authorizing the use of a subpoena to take limited discovery from third parties in certain circumstances. *See* NRCP 45; *Rock Bay*, 129 Nev. at 210, 298 P.3d at 445-46; *see also* NRS 21.310 ("Witnesses may be required to appear and testify before the judge or master conducting any proceeding under this chapter in the same manner as upon the trial of an issue.").

Other procedures become available to a judgment creditor and the district court once writs of garnishment or execution have issued and the returns have been filed. For instance, if the "debtor unjustly refuses to

apply [property] toward the satisfaction of the judgment," the district court may order the judgment debtor to appear and answer questions regarding property and may order the arrest and imprisonment of the debtor if the debtor is in danger of absconding and refuses to post sufficient surety for the judgment. NRS 21.280. The district court may also "order a third party in possession of property of the judgment debtor to . . . submit to examination regarding such property." *Greene*, 115 Nev. at 395, 990 P.2d at 186; *see* NRS 21.300. These procedures have existed and been largely unchanged since Nevada became a state, and now, as then, "[t]he creditor is always entitled to prosecute the inquiry to such an extent as to enable him to ascertain the true condition of the property and business affairs of the judgment debtor." *Hagerman v. Tong Lee*, 12 Nev. 331, 334-35 (1877).

But these procedures do not automatically entitle a judgment creditor to an order requiring a third party "to pay over money in satisfaction of the judgment, unless such person admits the indebtedness and acknowledges the possession or control of the amount due, or these facts are established by clear and indisputable evidence." *Id.* at 335. Thus, where a writ of execution or garnishment has been issued and the third party admits the debt to the judgment debtor, the district court "may order any property of the judgment debtor not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment." NRS 21.320. However, in the event that a "third party [in possession of the judgment debtor's property] claims an adverse interest in the property, the court cannot order that the property be applied toward the judgment." *Greene*, 115 Nev. at 395, 990 P.2d at 186; *Hagerman*, 12 Nev. at 335-36

SUPREME COURT
OF
NEVADA

(O) 1947A

("When these various sections are considered together, it seems perfectly plain that the judge or referee can only order property to be applied to the satisfaction of the judgment when the debtor's title thereto is clear and undisputed."). "Instead, NRS 21.330 permits a judgment creditor to institute [a separate] action against the third parties with adverse claims to the property of a judgment debtor." *Greene*, 115 Nev. at 395, 990 P.2d at 186. Under NRS 21.330, a judgment creditor may also request that the district court forbid transfer of the interest or debt at issue until the action commences and a judgment is issued.

> *Rhonda, in her individual capacity, is a third party to the collection action*

Given that differing procedures apply to judgment debtors versus third parties, we must consider Rhonda's status as a co-trustee of the Mona Family Trust and how these procedures apply to her in that capacity. Far West requested discovery from Rhonda in her capacity as a trustee of the Mona Family Trust, but demanded her personal financial documents in addition to trust-related documents. The district court sanctioned Rhonda for her failure to produce documents relating to her personal bank accounts, not accounts in the name of the trust, and ordered the amounts in her personal accounts to be used to satisfy Far West's judgment. We have not previously addressed the distinction between a person's individual capacity and her representative capacity as a trustee.

At common law, a trustee was not a juristic entity that could sue or be sued; thus, a trustee was individually liable for injuries to third parties. *Richardson v. Klaesson*, 210 F.3d 811, 813-14 (8th Cir. 2000); *see also* 4 Austin Wakeman Scott, William Franklin Fratcher, Mark L. Ascher, *Scott and Ascher on Trusts* § 26.1, at 1870-71 (5th ed. 2007). Modernly, however, a person's representative capacity is distinguished

from her individual capacity, and the differing "capacities are generally treated as . . . two different legal personages." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543-44 & n.6 (1986) (internal quotation marks omitted); *see also Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir. 1995) ("Where a party sues or is sued in a representative capacity, however, its legal status is regarded as distinct from its position when it operates in an individual capacity."); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 595 (7th Cir. 1990) ("In the eyes of the law a person who sues or is sued in a representative capacity is distinct from that person in his individual capacity."); Restatement (Third) of Trusts § 105 cmt. c (Am. Law Inst. 2012). The Nevada Legislature has recognized this distinction in NRS 163.140(4), which provides that a trustee may be held personally liable for a tort only if the trustee is personally at fault. *See also* NRS 163.120(3) (providing that a trustee is generally not personally liable on a contract entered into in a representative capacity). Thus, Rhonda, in her individual capacity, is a distinct legal person and is a stranger to Rhonda in her representative capacity as a trustee of the Mona Family Trust. *See Alexander v. Todman*, 361 F.2d 744, 746 (3d Cir. 1966).

As applied to this matter, Rhonda, in her individual capacity, is a third party to the domesticated California judgment and the collection action because Far West failed to name her as a party to the initial suit in California. However, Rhonda, in her representative capacity as a trustee of the Mona Family Trust, is a "managing agent of a party," the trust, as stated in NRCP 37. *See* NRCP 37(b)(2) (permitting sanctions against a "managing agent of a party" if the managing agent fails to obey an order to provide or permit discovery).

*The district court erred in ordering Rhonda to produce documents and appear for an examination about her personal accounts and in ordering her bank accounts to be subject to execution pursuant to NRCP 37 and NRS 21.320*

We conclude that the district court erred by ordering discovery regarding Rhonda's personal bank accounts and ordering that those accounts are subject to execution. First, Far West moved to examine Rhonda as a managing agent of the Mona Family Trust, and the district court ordered Rhonda's examination and ordered her to produce documents. The district court order, however, directed Rhonda to produce both the trust's and her personal financial documents. To the extent that the order affected the trust, the order was proper. In her representative capacity as trustee, Rhonda is a managing agent of the trust and may be ordered to produce documents regarding the trust's finances and affairs under NRCP 34 and NRCP 69, and answer questions concerning the same under NRS 21.270. However, because Rhonda in her representative capacity is a different legal personage than Rhonda in her individual capacity, NRCP 34 and NRS 21.270 may not be used to compel Rhonda to produce documents or answer questions concerning her personal finances and affairs because she, in her individual capacity, is a third party to the underlying action. Therefore, both Far West and the district court incorrectly conflated Rhonda's individual capacity with her representative capacity as a trustee and managing agent of the Mona Family Trust.

Far West did not treat Rhonda, in her individual capacity, as a third party and did not request the district court clerk to issue a subpoena and a subpoena duces tecum pursuant to NRCP 45(a)(1) requiring Rhonda to appear and testify and produce documents. In response to such a subpoena, Rhonda would have had the opportunity to object and request a

SUPREME COURT
OF
NEVADA

(O) 1947A

protective order pursuant to NRCP 45(b)(1) and NRCP 45(d)(1). *See also Rock Bay*, 129 Nev. at 211, 298 P.3d at 445-46 (discussing the circumstances under which discovery is available from third parties in collection actions). In turn, the district court could have sanctioned Rhonda upon a showing of willful disregard for the procedures outlined in NRCP 45. *See Humana Inc. v. Eighth Judicial Dist. Court*, 110 Nev. 121, 123, 867 P.2d 1147, 1149 (1994).

Nor did Far West cause a writ of execution or garnishment to be served upon Rhonda, in her individual capacity, as a third party to the action and a debtor of the judgment debtor Michael.[4] Thus, Rhonda had no opportunity to file a return and object to execution of the judgment upon her personal accounts. *See* NRS 21.040; NRS 21.330; *see also* NRS 21.300 (permitting an examination of a debtor of a judgment debtor "[a]fter the issuing or return of an execution against property of the judgment debtor").

Second, to the extent that the district court was attempting to sanction Rhonda under NRCP 37, as trustee of the Mona Family Trust, for failing to produce documents concerning the trust or to appear for an examination, the district court erred in ordering Rhonda's three bank

---

[4]Because Rhonda's individual and representative capacities are viewed as separate legal persons, service on Rhonda, in her individual capacity, must satisfy all requisite service requirements, unless waived, in order to establish the district court's personal jurisdiction over her. *See* NRCP 45(b); NRS 21.075; NRS 21.076; NRS 21.120; NRS 31.270; *see also C.H.A. Venture v. G.C. Wallace Consulting Eng'rs, Inc.*, 106 Nev. 381, 384, 794 P.2d 707, 709 (1990) ("[N]otice is not a substitute for service of process. Personal service or a legally provided substitute must still occur in order to obtain jurisdiction over a party.").

SUPREME COURT
OF
NEVADA

(O) 1947A

accounts to be subject to execution by Far West to attempt to satisfy the judgment. While sanctions against a managing agent of a party are available under NRCP 37, including the ability to hold a managing agent in contempt, the district court may not subject a managing agent's personal assets to execution to attempt to satisfy a judgment as sanctions under NRCP 37.

Third, the district court erred in invoking remedies pursuant to NRS 21.320. Initially, the remedies in NRS 21.320 may only be invoked after a writ of execution or garnishment has been issued—the judgment creditor and the district court are not entitled to unilaterally seize a third party's assets without following the post-judgment execution procedures. Even if the writs had issued properly, however, the district court did not follow the proper procedure because Rhonda was not afforded a full opportunity to contest Far West's contentions regarding the status of the funds in her three bank accounts. NRS 21.320 allows the district court to judicially assign the judgment debtor's property, or property due the judgment debtor, in the hands of a third party towards satisfaction of the judgment if the third party "admits the indebtedness and acknowledges the possession or control of the amount due, or these facts are established by clear and indisputable evidence." *Hagerman*, 12 Nev. at 335. Rhonda argued in the district court that the funds contained in her three personal bank accounts constituted her sole and separate property. Because Rhonda claimed an adverse interest in the property, the district court erred in summarily concluding that the funds in her account constituted community property and ordering that the proceeds of Rhonda's accounts be applied towards partial satisfaction of the judgment against Michael. *See Greene*, 115 Nev. at 395, 990 P.2d at 186. Instead, the district court

should have held a hearing or ordered briefing concerning whether Far West could establish, "by clear and indisputable evidence," *Hagerman*, 12 Nev. at 335, that the funds were community property. If such could not be established, then the district court cannot order the accounts to be applied towards partial satisfaction of the judgment against Michael, but may issue an order forbidding the transfer of the funds and authorizing Far West to institute a separate action to recover the funds in Rhonda's personal bank accounts. *See id.*; *see also* NRS 21.330.

## *CONCLUSION*

We choose to entertain the Monas' petition for a writ of mandamus or prohibition. In doing so, we deny relief as to Michael. However, we conclude that the district court erred in ordering Rhonda to appear for an examination and produce personal financial documents without the district court clerk issuing a subpoena and subpoena duces tecum pursuant to NRCP 45 and Far West serving the subpoenas upon Rhonda, or without a writ of execution or attachment being issued and served upon her in her individual capacity. Additionally, we conclude that the district court erred when it sanctioned Rhonda under NRCP 37 and ordered the proceeds of Rhonda's personal bank accounts to be subject to execution to attempt to satisfy the judgment. An individual's personal assets are not subject to discovery or execution merely because the individual also serves as the managing agent of a judgment debtor in a representative capacity. Accordingly, we grant the petition as to Rhonda. We direct the clerk of court to issue a writ of prohibition directing the district court to vacate the post-judgment sanctions order as to Rhonda

and instructing the district court to conduct further proceedings consistent with this opinion.[5]

_____, J.
Gibbons

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

---

[5]We decline to address the applicability of *Randono v. Turk*, 86 Nev. 123, 466 P.2d 218 (1970), or whether Rhonda's personal accounts may ultimately be subject to execution because this matter does not involve a writ of execution or attachment issued against Rhonda, in her individual capacity, or a separate action against her personally. Thus, the parties' arguments regarding these issues are premature.