794 P.2d 707 (1990)
C.H.A. VENTURE, a Joint Venture composed of James J. Lascari d/b/a Charleston Heights Associates, a Nevada Limited Partnership, Tandem Development, Inc., a Nevada corporation, its general partner and Phillip Arciero d/b/a F & P Construction, a General Partnership, Appellants,
v.
G.C. WALLACE CONSULTING ENGINEERS, INC., a Nevada corporation, Respondent.
No. 20166.
Supreme Court of Nevada.
June 28, 1990.
Deaner, Deaner & Scann, Las Vegas, for appellants.
John Peter Lee, James J. Lee, Las Vegas, for respondent.

*708 OPINION
PER CURIAM:
The district court entered judgment in favor of respondent holding multiple entities jointly and severally liable. Appellant F & P Construction Company (F & P) contends on appeal that because it was never served and did not appear in the matter, the district court lacked jurisdiction to grant judgment against it. We agree and accordingly reverse the district court's judgment against F & P.

FACTS
In 1980, James Lascari (Lascari), in his capacity as president of Tandem Development, Inc. (Tandem), purchased twenty (20) acres in Las Vegas for Charleston Heights Associates (Charleston), a Nevada limited partnership, for the purpose of developing a condominium/townhouse project. Tandem was the general partner in Charleston.
Lascari engaged respondent G.C. Wallace Consulting Engineers, Inc. (Wallace) to perform the preparatory work necessary to subdivide the property. Wallace performed a substantial amount of work without payment. Lascari assured Wallace that a partner was being acquired that would pay the obligation.
Shortly thereafter, Charleston entered into a joint venture agreement with F & P to develop the property. The agreement provided that F & P would assume some of the outstanding obligations of the project, including an express assumption by F & P of the Wallace indebtedness. F & P was and still is a California general partnership consisting of two California corporations: Arciero Homes, Inc. and Ciero Development Corporation. There was no indication in either the agreement or in the fictitious name certificate concerning the nature of the partners constituting F & P, i.e., whether corporations, individuals or some combination of entities.
Wallace, having never received payment from any of the parties, filed suit. In reliance on the joint venture agreement, Wallace's complaint and subsequent pleadings named as defendants: C.H.A. Venture, a joint venture composed of Tandem Development Inc., a Nevada corporation, and two individuals, Lascari, doing business as Charleston, and Phillip Arciero (Arciero), doing business as F & P, a general partnership. Arciero was eventually served as an individual but not as an officer of either of the corporate partners in F & P, as the corporate nature of the entities forming F & P was still unknown to Wallace. Wallace discovered the true status of the F & P partners at least by November, 1988, when Arciero's deposition was taken. Trial was held in January, 1989.
Arciero and Lascari answered the complaint and subsequently moved for summary judgment on the grounds that F & P might be liable for the debt but that there was no individual liability. The district court denied the motion.
At trial, Lascari and Arciero again claimed that C.H.A. Venture was not composed of Lascari d/b/a Charleston and Arciero d/b/a F & P, as alleged in the complaint, but that one of the partners in the venture was F & P, which was a partnership consisting of two California corporations which were absent from the proceedings, and were never served and never appeared in the matter and thus were not properly before the court.
The district court granted judgment to Wallace in the amount of $34,165.58 against all of the named entities. F & P appeals and its sole contention is that because it was not properly served, the district court had no jurisdiction to render judgment against it.

DISCUSSION
A district court is empowered to render a judgment either for or against a person or entity only if it has jurisdiction over the parties and the subject matter. See Young v. Nevada Title Company, 103 Nev. 436, 442, 744 P.2d 902, 905 (1987). As noted hereafter, the district court never had jurisdiction over F & P.
We reemphasize that F & P is a partnership consisting of two California corporations. In order to obtain jurisdiction *709 over the partnership and bring it before the court, at least one of the partners had to be properly served in its corporate capacity.
Jurisdiction over foreign corporations may be accomplished under Nevada law by complying with the procedures set forth in NRCP 4(d)(2)[1] or NRS 14.030.[2] Because respondent failed to effectuate service under either provision and contented itself with service upon Arciero's wife, jurisdiction over F & P did not attach. The district court therefore was powerless to enter any form of valid judgment imposing liability against F & P.
Although a lack of effective service on F & P is dispositive of this appeal, we are not unmindful of Wallace's contention that because F & P had actual notice of the action through participation in the litigation by Arciero, an effective substitute for service of process should be deemed to have occurred. Unfortunately for Wallace, notice is not a substitute for service of process. Personal service or a legally provided substitute must still occur in order to obtain jurisdiction over a party. See In re Abrams, 108 Cal. App.3d 685, 166 Cal. Rptr. 749 (1980); LaMotte v. Constantine, 92 Ill. App.3d 216, 48 Ill.Dec. 128, 416 N.E.2d 23 (1980); McMullen v. Arnone, 79 A.D.2d 496, 437 N.Y.S.2d 373 (1981). F & P is a legal entity separate from Arciero and must necessarily be treated as such. Accordingly, service on Arciero as an individual could not bind F & P, the general partnership, or its member corporations.
Wallace bases its arguments for jurisdiction on Echols v. Summa Corp., 95 Nev. 720, 601 P.2d 716 (1979), and Servatius v. United Resort Hotels, 85 Nev. 371, 455 P.2d 621 (1969). These cases are distinguishable from the instant case. In Servatius, the plaintiff sued the party by the wrong name. The issue was whether amendment of the complaint merely corrected the name of a party already before the court or whether it brought a new party defendant into the action. The court held that the three factors determinative of the issue involved the proper party defendant having (1) actual notice of the institution of the action; (2) knowledge that it was the proper party; and (3) was not in any way misled to its prejudice. Id. at 373, 455 P.2d at 622-23. In recognizing the presence of the three factors in Servatius, the court further observed that the decision *710 was influenced by an apparent practice on the part of the true party to confuse putative plaintiffs as to the name of the correct corporate identity. We also stated our awareness of considerable contrary authority that would have dictated a different decision, but declined to follow such authority in that limited situation. Id.
In Servatius we concluded that the amendment of the complaint did not bring in a new party but simply corrected the identification of the party already before the court. Allowing the amendment of the complaint and correcting the identity of the party are qualitatively different than granting judgment against a non-party, as occurred here. Moreover, where, as here, the plaintiff had actual notice before trial of the true identity and nature of a party defendant, but thereafter took no steps to properly serve and join the correct party, the Servatius dispensation would be unavailable as a matter of law. The foregoing analysis applies equally to Echols.
Finally, the parties dispute whether a motion to amend the complaint to reflect the corporate nature of the partners of F & P was ever made. However, assuming that Wallace did properly make such a motion, the record does not reflect that it was ever granted and that F & P was added as a party defendant in the action. In any event, as noted previously, Wallace never did serve either of the F & P corporations or Arciero in their corporate capacities. As a non-party to the action, F & P was not subject to an exercise of jurisdiction by the district court in entering judgment against it. See, e.g., Fazzi v. Peters, 68 Cal.2d 590, 68 Cal. Rptr. 170, 173, 440 P.2d 242, 245 (1968); Hiltsley v. Ryder, 738 P.2d 1024, 1025 (Utah 1987); Wyoming Health Services, Inc. v. Deatherage, 773 P.2d 156, 158 (Wyo. 1989).
We have considered the other contentions of the parties and have concluded that they are either without merit or need not be treated as the issues discussed and resolved above are dispositive of this appeal.
For the reasons hereinbefore specified, the judgment entered against F & P is reversed.[3]
NOTES
[1] NRCP 4(d)(2) states:

If the suit is against a foreign corporation, or a non-resident partnership, joint-stock company or association, doing business and having a managing or business agent, cashier, or secretary within this state; to such agent, cashier, or secretary or to an agent designated for service of process as required by law; or in the event no such agent is designated, to the secretary of state or the deputy secretary of state, as provided by law.
[2] NRS 14.030 provides:

1. If any such company, association or municipal corporation shall fail to appoint such agent, or fail to file such certificate for 30 days after a vacancy occurs in such agency, on the production of a certificate of the secretary of state showing either fact, which certificate shall be conclusive evidence of the fact so certified to be made a part of the return of service, it shall be lawful to serve such company, association or municipal corporation with any and all legal process by delivering a copy to the secretary of state, or, in his absence, to any duly appointed and acting deputy secretary of state, and such service shall be valid to all intents and purposes.
2. In all cases of such service the defendant shall have 40 days (exclusive of the day of service) within which to answer or plead.
3. Before such service shall be authorized, the plaintiff shall make or cause to be made and filed an affidavit setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of such company, association or municipal corporation, and the facts showing that direct or personal service on, or notice to, such corporation cannot be had.
4. If it shall appear from such affidavit that there is a last known address of such company, association or municipal corporation, or any known officers thereof, the plaintiff shall, in addition to and after such service on the secretary of state, mail or cause to be mailed to such corporation, or to such known officer, at such address, by registered or certified mail, a copy of the summons and a copy of the complaint, and in all such cases the defendant shall have 40 days from date of such mailing within which to appear in the action.
5. This section shall be construed as giving an additional mode and manner of serving process, and as not affecting the validity of any other valid service.
[3] Because of the token effort to assert a basis for relief on behalf of the other named appellants, and specifically Charleston, we decline to grant relief on appeal other than as specified concerning F & P.