An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ISIDRO BACA; KAREN GEDNEY; AND REGIONAL MEDICAL FACILITY AT NORTHERN NEVADA CORRECTIONAL CENTER,
Petitioners,
vs.
THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF DOUGLAS; AND THE HONORABLE NATHAN TOD YOUNG, DISTRICT JUDGE,
Respondent,
and
BRIAN STATELY,
Real Party in Interest.

No. 64995

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss in a civil rights action. As directed, real party in interest has filed an answer, and petitioners have filed a reply.

In the underlying proceeding, petitioners moved the district court to dismiss real party in interest's complaint for failure to timely serve process and failure to attach a medical expert affidavit. The district court denied the motion, rejecting petitioners' service argument on the reasoning that petitioners' motion to dismiss demonstrated notice of real party in interest's claims and rejecting petitioners' medical-expert-affidavit argument on the reasoning that no physician, hospital, or hospital employee had been named as a defendant. Petitioners now seek a

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19232

writ of mandamus compelling the district court to dismiss real party in interest's complaint.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether a petition for extraordinary relief will be considered is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). This court may exercise its discretion to determine that the district court is obligated to dismiss an action when there are no disputed factual issues and a clear authority compels dismissal. *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997). Petitioners bear the burden of establishing that relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the parties' arguments, we conclude that our intervention is warranted, based on real party in interest's failure to serve petitioners with process in accordance with the Nevada Rules of Civil Procedure.[1] Although real party in interest argues that he properly served his summons and amended complaint by mailing the documents to petitioner Isidro Baca and petitioners' counsel, Nevada requires a

---

[1]Based on our conclusion that dismissal was warranted for failure to serve process, we do not address petitioners' arguments concerning real party in interest's failure to include a medical expert affidavit with his complaint, which appears to include medical malpractice claims against petitioners Karen Gedney, a physician, and Regional Medical Facility at Northern Nevada Correctional Center, the hospital facility at which real party in interest allegedly received the challenged treatment.

complaint and summons to be served by personal service, service left at the individual's dwelling or abode with a suitable person, or service to an agent authorized to receive service, while permitting service by mail for pleadings and other filings. *Compare* NRCP 4(d)(6) *with* 5(b). For a suit against a Nevada state agency or its subdivision, personal service must be made to the Attorney General or a designated person within the Office of the Attorney General and to the administrative head of that agency. NRS 41.031(2); NRCP 4(d). Real party in interest has not argued or provided documentary support that proper service was attempted as to the Regional Medical Facility at Northern Nevada Correctional Center. Failure to properly serve process mandates dismissal, absent a showing of good cause. NRCP 4(i); *Scrimer v. Eighth Judicial Dist. Court*, 116 Nev. 507, 512-13, 998 P.2d 1190, 1193 (2000). The district court's conclusion that petitioner's notice sufficed to satisfy the service requirement lacks support in the law. *C.H.A. Venture v. G.C. Wallace Consulting Eng'rs, Inc.*, 106 Nev. 381, 384, 794 P.2d 707, 709 (1990) ("[N]otice is not a substitute for service of process."). As real party in interest did not properly serve the summons and amended complaint within 120 days of filing the amended complaint and did not move for an enlargement of time to do so, the district court should have dismissed real party in interest's amended complaint without prejudice. NRCP 4(i). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order denying petitioners' motion to dismiss in

Ninth Judicial District Case No. 13-CV-0105-DC and grant petitioners' motion to dismiss the action.[2]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:    Hon. Nathan Tod Young, District Judge
       Nathan L. Hastings, Deputy Attorney General/Carson City
       Brian Stately
       Douglas County Clerk

---

[2]We have considered real party in interest's other arguments and conclude that they do not warrant denying this petition. We decline to consider real party in interest's argument regarding res ipsa loquitor because real party in interest did not make these allegations in his amended complaint and failed to otherwise present this argument to the district court before it entered the challenged order. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."). Further, we consider real party in interest's "Rebuttal to Answer to Petition for Writ of Mandamus" as a proposed reply and we direct the clerk of this court to file the document. We conclude that real party in interest's arguments raised in the reply do not warrant a different outcome.