# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALAN LEVIN,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
PATRICK FLANAGAN, DISTRICT
JUDGE,
Respondents,
and
WARD ENTERPRISES, INC.;
LAWRENCE ALLEN; GOLDEN CHAIN,
INC.; MITCHELL W. FANNING; LAKE
MOUNTAIN MINING, LLC; JEREMY
M. JONES; MINERAL EXPLORATION
SERVICES, LTD.; ALAN R. DAY;
TARGET MINERALS, INC.; GERALD
METALS, LLC; DENNIS SMITH; TED
SMITH; DENNIS SMITH AND TED
SMITH D/B/A OLINGHOUSE
DEVELOPMENT COMPANY;
STANDARD CHARTERED BANK;
CREDIT AGRICOLE INDOSUEZ
NORTH AMERICA; ALTA GOLD
MINING CO.; WRIGHT PARKS;
PARABORA, LLC; AND TERRA
GRANDE, LLC,
Real Parties in Interest.

No. 63941

**FILED**

SEP 1 1 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

GOLDEN CHAIN, INC., A WHOLLY
OWNED SUBSIDIARY OF WARD
ENTERPRISES, INC., A NEVADA
CORPORATION; GOLDEN CHAIN,
INC.; AND LAWRENCE ALLEN

No. 63959

 
17-30415

Appellants,

vs.

MITCHELL W. FANNING, AN INDIVIDUAL; DANELL L. FANNING, AN INDIVIDUAL; JEFFREY T. JONES, AN INDIVIDUAL; JEREMY M. JONES, AN INDIVIDUAL; TARGET MINERALS, INC., A NEVADA CORPORATION D/B/A BABE MINES; ALAN DAY, AN INDIVIDUAL; WRIGHT PARKS, AN INDIVIDUAL; MINERAL EXPLORATION SERVICES, LTD., A NEVADA LIMITED LIABILITY COMPANY; LAKE MOUNTAIN MINING, LLC, A NEVADA LIMITED LIABILITY COMPANY; TERRA GRANDE, LLC, A NEVADA LIMITED LIABILITY COMPANY; PARABORA, LLC, A NEVADA LIMITED LIABILITY COMPANY; ALTA GOLD MINING CO., A REVOKED CORPORATION; DENNIS SMITH; TED SMITH; AND DENNIS SMITH AND TED SMITH D/B/A OLINGHOUSE DEVELOPMENT COMPANY,

Respondents.

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS (DOCKET NO. 63941) AND AFFIRMING APPEAL (DOCKET NO. 63959)*

This is a consolidated original petition for writ of mandamus or certiorari (Docket No. 63941) and appeal from a district court order enforcing a settlement agreement in a mining matter (Docket No. 63959). Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.[1]

_____

[1]The Honorable Lidia S. Stiglich, Justice, did not participate in the decision of this matter.

Appellants (Docket No. 63959) Golden Chain, Inc. (GCI), Ward Enterprises, Inc. (Ward), and Lawrence Allen were collectively referred to as the "Mining Plaintiffs" by the district court (hereinafter Mining Plaintiffs). GCI held partial mining interests in certain mining properties underlying the present dispute, and Ward wholly owned GCI as a subsidiary when the property disputes at issue occurred. Allen, in turn, was the sole owner and officer of Ward. During the course of litigation below, petitioner (Docket No. 63941) Alan Levin purchased all of GCI's shares from Ward.

Respondent (Docket No. 63959) Alta Gold Mining Co. (Alta Gold) was a mining company that, before 1998, owned various mining claims and property underlying the present dispute. Respondents (Docket No. 63959) and real parties in interest (Docket No. 63941) Mitchell W. Fanning; Danell L. Fanning; Jeffry T. Jones; Jeremy M. Jones; Target Minerals, Inc.; Alan R. Day; Wright Parks; Mineral Exploration Services, Ltd.; Lake Mountain Mining, LLC (LMM); Terra Grande, LLC; and Parabora, LLC, are mining entities (hereinafter Mining Defendants). Mining Defendants and Mining Plaintiffs own separate mining interests in the Olinghouse District, a mining district in Washoe County, Nevada.

In 2009, Mining Plaintiffs brought the present suit against Mining Defendants seeking monetary, injunctive, and declaratory relief for various causes of action relating to mining claims, and Mining Defendants brought a counterclaim alleging that Mining Plaintiffs injured them by wrongfully claiming to own mining interests that, in fact, still belonged to Alta Gold. The district court ultimately rejected all of Mining Plaintiffs' material claims, and the sole issue left for determination was whether Mining Defendants' counterclaim should succeed. Shortly thereafter, the

parties began to negotiate a global settlement, and in June 2012, LLM filed a motion to join Levin as a party pursuant to NRCP 25(c).

On September 4, 2012, all of the parties attended a hearing with the district court wherein the key provisions of a global settlement were put on the record before the court. The recorded terms included that Mining Plaintiffs, Levin, and Mining Defendants would enter into a generalized mutual noncompetition, noninterference agreement barring Mining Plaintiffs and Levin from operating in the Olinghouse District (hereinafter the Restrictive Covenant). There were several hearings following the September 4, 2012, hearing that outlined the basic settlement terms, and at each such hearing it was clear the parties had agreed to all settlement terms, except the details of the Restrictive Covenant.

In January 2013, Mining Defendants brought a motion to enforce the settlement agreement placed on record at the September 4th hearing. The motion asked the district court to enforce the settlement agreement against all parties; however, it was principally concerned with securing a ruling that Levin had already agreed to the settlement agreement's terms generally. Soon after, but before oppositions to the motion to enforce were due, Mining Defendants filed a supplement to their motion indicating that Mining Plaintiffs had recently expressed that they would also be unwilling to sign settlement documents. Ward and Allen, but not GCI, opposed the supplement, contending that the un-supplemented motion to enforce was directed solely at Levin, not them, and the supplement improperly added them to the motion. Levin filed an opposition to the motion to enforce and participated in the subsequent three-day evidentiary hearing; however, Mining Plaintiffs did not file an opposition to the initial motion or attend any portion of the evidentiary hearing.

After the three-day evidentiary hearing, the district court composed a written order enforcing the settlement agreement, which purported to bind the Mining Defendants, Alta Gold, Levin, and Mining Plaintiffs. Specifically, the district court concluded that it did not have personal jurisdiction over Levin because the service of the motion to join him as a party was ineffective pursuant to NRCP 4(d). Nevertheless, the district court concluded its order could reach Levin because his interests were adequately represented by others, and he had agreed to be bound by the district court's enforcement determination. The district court further concluded that pursuant to DCR 13(3), the Mining Plaintiffs assented to the settlement agreement by failing to oppose Mining Defendants' motion to enforce the settlement.[2] Levin now seeks an extraordinary writ challenging the district court's exercise of personal jurisdiction over him, and Mining Plaintiffs now appeal the district court's order enforcing the settlement agreement and other interlocutory orders.

*We exercise our discretion to entertain Levin's writ petition*

As an initial matter, Levin argues that this court should entertain his petition for a writ of mandamus or certiorari because he is not a party to the proceedings below, and thus, he cannot appeal any judgment against him. We agree.

"Whether extraordinary writ relief will issue is solely within this court's discretion." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 180, 184, 273 P.3d 861, 864 (2012). "Generally, an extraordinary writ may only be issued in cases 'where there is not a plain, speedy and adequate remedy' at law." *Id.* (quoting NRS 34.170; NRS

---

[2]The district court also concluded that the valid settlement agreement did not include the Restrictive Covenant.

34.330). A person cannot appeal a judgment "unless that person or entity has been served with process, appeared in the court below *and* has been named as a party of record in the trial court." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 448, 874 P.2d 729, 735 (1994). Because nonparties in an underlying action cannot appeal adverse rulings, they generally do not have an adequate legal remedy for adverse decisions. *See Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 676, 263 P.3d 224, 227 (2011) (determining that an attorney did not have a remedy at law and writ consideration was appropriate because he was sanctioned in the course of a case where he was not a party); *Albany v. Arcata Assocs., Inc.*, 106 Nev. 688, 690, 799 P.2d 566, 567 (1990) (same).

We have previously noted that Levin is not a party in the underlying matter and relied on that characterization to justify consolidating Levin's petition with Mining Plaintiffs' broader appeal of the district court's disposition in this case. *See Levin v. Second Judicial Dist. Court*, Docket No. 63941 (Order Consolidating Writ Petition and Appeal and Setting Briefing Schedule, Mar. 25, 2015). Additionally, the district court's order enforcing the settlement agreement is a decision adverse to Levin because it binds him to the settlement agreement. Therefore, we conclude that Levin is a nonparty without the ability to appeal, and thus, he does not have an adequate legal remedy to challenge the district court's decision to enforce the settlement agreement against him. As such, we exercise our discretion to entertain Levin's petition.

*The district court did not have jurisdiction to enforce the settlement agreement against Levin*

The district court held that it was empowered to bind Levin to the settlement agreement, despite expressly finding he was not a party and concluding it never had personal jurisdiction over him. Levin argues that

the district court cannot enforce the settlement agreement without first having personal jurisdiction over him. We agree with Levin.

We review jurisdictional questions de novo. *Catholic Diocese* of *Green Bay, Inc. v. John Doe 119*, 131 Nev., Adv. Op. 29, 349 P.3d 518, 520 (2015). Service of process is required before a court can exercise personal jurisdiction over a person or entity. *C.H.A. Venture v. G.C. Wallace Consulting Eng'rs, Inc.*, 106 Nev. 381, 384, 794 P.2d 707, 709 (1990) ("Personal service or a legally provided substitute must still occur in order to obtain jurisdiction over a party."). Moreover, "[a] district court is empowered to render a judgment either for or against a person or entity *only* if it has jurisdiction over the parties and the subject matter," and a district court cannot exercise personal jurisdiction over a party—even one with actual notice of the proceedings—unless that party has first been adequately served. *Id.* at 383-84, 794 P.2d at 708-09 (emphasis added). Here, the district court expressly found that service of the motion to join Levin as a party "was ineffective pursuant to . . . NRCP 4(d)" such that it "never obtained personal jurisdiction over Mr. Levin." Accordingly, we conclude that the district court correctly held that it did not have personal jurisdiction over Levin because he was not served in accordance with NRCP 4.[3]

_____

[3]Despite lacking personal jurisdiction, the district court principally relied on section 40 of the Restatement (Second) of Judgments for the proposition that a nonparty can be bound by a court's decision if that nonparty has demonstrated a willingness to be bound by the court's decision. Specifically, section 40 provides that "[a] person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement." Restatement (Second) of Judgments § 40 (Am. Law Inst. 1982). However, the Restatement's scope

SUPREME COURT
OF
NEVADA

(O) 1947A

The Mining Defendants nonetheless argue that the district court had personal jurisdiction over Levin because he waived any personal jurisdiction objections through his filings and conduct. We reject this argument. Whether a waiver has occurred is a factual question reviewed for substantial evidence, unless the underlying facts are undisputed, in which case the legal consequences of the facts can be reviewed de novo. *Merrill v. DeMott*, 113 Nev. 1390, 1399, 951 P.2d 1040, 1045-46 (1997). Personal jurisdiction and service of process defenses can be waived if they are not timely asserted, *Fritz Hansen A/S v. Eighth Judicial Dist. Court*, 116 Nev. 650, 656-57, 6 P.3d 982, 986 (2000), and this court has assumed without deciding that "seeking affirmative relief from a court subjects a litigant to that court's jurisdiction," *Dogra v. Liles*, 129 Nev. 932, 939, 314 P.3d 952, 957 (2013). Here, although the district court made no determination on the issue of waiver or forfeiture, the material facts—when and what Levin filed with the district court—are not in dispute. Thus, we review the legal consequence of those facts de novo. *See Merrill*, 113 Nev. at 1399, 951 P.2d at 1045-46.

We conclude that Levin timely asserted his service of process objection. First, Levin filed a motion for reconsideration raising his own objection to service of process in his first filing, as an individual, after the district court granted LLM's motion to join him as a party. Second, Levin did not seek *affirmative relief* in the proceedings below; rather, he merely

---

and commentary establishes that it sets forth *preclusion* rules. Section 40 is not a jurisdictional rule about who the district court can reach in rendering its judgment in a given action; rather, it is a rule about when an adjudication in one case disposes of one or more issues in a later case. As such, we conclude that the district court erroneously read section 40 as expanding its jurisdiction.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

asserted that the district court lacked jurisdiction over him, and thus, could not bind him to the settlement agreement. *See Affirmative Relief, Black's Law Dictionary* (10th ed. 2014) (defining "affirmative relief" as "[t]he relief sought by a defendant by raising a counterclaim or cross-claim that could have been maintained independently of the plaintiff's action"). Moreover, Mining Plaintiffs initially raised the issue on Levin's behalf in their opposition to the joinder motion.

Third, after LMM moved to join Levin, each appearance and filing noted he was making a special appearance and stated that he was not waiving his jurisdictional objections. Thus, despite Levin's court appearances during settlement negotiations, the district court and all parties were fully apprised of Levin's jurisdictional objections, and the district court had the opportunity to address them before it had to make a substantive determination on whether settlement occurred. As such, we conclude that Levin did not waive or forfeit his service of process and personal jurisdiction objections, and we grant Levin's petition to the extent that the district court erred in declaring his rights and obligations under the settlement agreement.[4]

*Mining Plaintiffs manifested their assent to the settlement agreement by failing to oppose the underlying motion to enforce the settlement agreement and preserve their substantive arguments on appeal*

The Mining Plaintiffs argue that the district court erred in holding that they assented to the settlement agreement because: (1) their attorneys did not have actual or apparent authority to bind them; (2) the

---

[4]Levin also argues in the alternative that the settlement agreement is invalid and therefore unenforceable as between him and the Mining Defendants. However, we decline to address this argument because Levin is entitled to the relief he seeks on jurisdictional grounds.

 

parties never reached an agreement on additional, material terms; and (3) the district court had an obligation, under the Due Process Clause, to canvass them instead of relying on their attorneys' representations.

The district court did not address these substantive arguments; instead, it held that, under DCR 13(3), the order granting the Mining Defendants' motion to enforce was binding on Mining Plaintiffs because they did not oppose the motion in writing or at the three-day evidentiary hearing. However, on appeal, Mining Plaintiffs have not argued that the district court erred on this point, and thus, we do not address this issue.

Furthermore, the Mining Plaintiffs' substantive arguments were proffered for the first time in Ward and Allen's motion for reconsideration to the district court after it issued its order enforcing the settlement agreement.[5] In denying the motion for reconsideration, the district court concluded that the issues raised in the motion had already been addressed in its enforcement order. As such, the district court did not entertain the motion on its merits, and we decline to consider the arguments asserted in the reconsideration motion and now on appeal. *See Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) ("[I]f the reconsideration order and motion are properly part of the record on appeal from the final judgment, *and if the district court elected to entertain the motion on its merits*, then we may consider the arguments asserted in the reconsideration motion in deciding an appeal from the final judgment." (emphasis added)).

---

[5]GCI attempted to join Ward and Allen's motion to reconsider more than one month *after* the district court denied Ward and Allen's reconsideration motion, and the district court struck GCI's joinder motion.

 

*We decline to address Mining Plaintiffs' remaining arguments*

Mining Plaintiffs challenge various interlocutory decisions.[6] However, Mining Plaintiffs' failure to oppose the underlying motion to enforce the settlement agreement and preserve their substantive arguments on appeal rendered the agreement valid and enforceable as against them. Moreover, the settlement agreement included terms requiring (1) "[a]ll parties [to] fully waive and release all claims against all other parties"; and (2) "[t]he lawsuit, with all the remaining claims by all the parties to the settlement agreement, [to be] dismissed with prejudice." As such, we conclude that the valid settlement agreement rendered any disputed claims from the preceding interlocutory orders moot, and that Mining Plaintiffs may not challenge those decisions. *See* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3533.2 (3d ed. 2008) ("A settlement of all claims among all parties also removes the necessary element of adversariness and moots the action."); *cf. Wheeler Springs Plaza, LLC v. Beemon*, 119 Nev. 260, 265, 71 P.3d 1258, 1261 (2003) ("Thus, we hold that payment of a judgment only waives the right to appeal or renders the matter moot when the payment is intended to compromise or settle the matter."). Therefore, we

---

[6]Specifically, Mining Plaintiffs argue (1) the Mining Defendants cannot assert any claim to title over Alta Gold's property because they are not actual or equitable owners of that property; and (2) the district court erred in entering partial summary judgment for Mining Defendants because it improperly (a) relied on and applied Nevada's ancient mortgage statute, (b) concluded a former Alta Gold executive could not transfer property disputed in this lawsuit to GCI by quitclaim deed, (c) rejected GCI's argument that it owns disputed property through adverse possession, and (d) concluded GCI failed to exercise its option to purchase some of the disputed property.

SUPREME COURT
OF
NEVADA

(O) 1947A

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS voiding the district court's order enforcing the settlement agreement and the final judgment to the extent they purport to bind Levin (Docket No. 63941), and ORDER the judgment of the district court AFFIRMED (Docket No. 63959).

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

 

cc: Hon. Patrick Flanagan, District Judge
Dickinson Wright PLLC
Marquis Aurbach Coffing
Holland & Hart LLP/Reno
Fennemore Craig P.C./Reno
Woodburn & Wedge
Keesal Young & Logan
Kalicki Collier, PLLC
Molof & Vohl
Kolesar & Leatham, Chtd.
Washoe District Court Clerk