# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENE SHERIDAN, AN INDIVIDUAL,
Appellant,
vs.
GINA G. GOFF, AN INDIVIDUAL;
GOFF PRODUCTIONS, LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY; SENIOR MOMENT MOVIE,
LLC, A CALIFORNIA LIMITED
LIABILITY COMPANY; AND RUDOLF
SEDLAK, AN INDIVIDUAL,
Respondents.

No. 82224

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from district court order awarding attorney fees and costs as a sanction in a tort action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

Appellant Rene Sheridan filed a complaint against respondents alleging various causes of action stemming from the parties' agreement to produce a movie. The parties reached a settlement by agreeing to material terms at a settlement conference, but Sheridan refused to sign the settlement agreement. After this court affirmed the district court order dismissing her complaint with prejudice due to Sheridan's continued refusal to sign, *see Sheridan v. Goff*, Docket Nos. 76132, 78631 (Order of Affirmance, Mar. 18, 2020), respondent Rudolf Sedlak renewed his previous

---

[1]Having considered appellant's pro se brief, we conclude that a response is not necessary. NRAP 46A(a). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

21-29656

motion for attorney fees.[2] The district court granted the motion in part and ordered Sheridan to pay the attorney fees and costs that respondents incurred seeking to enforce the settlement agreement as sanctions for unnecessarily multiplying litigation. The district court also denied Sheridan's motion to reconsider that order. Sheridan now appeals.

The district court relied on EDCR 7.60(b)(3) to sanction Sheridan. That rule allows the district court to sanction a party who "[s]o multiplies the proceedings in a case as to increase costs unreasonably and vexatiously." Sheridan argues that the district court abused its discretion because it was respondents, not her, who unreasonably multiplied proceedings by violating the terms of the settlement agreement and the district court's dismissal order. *See Emerson v. Eighth Judicial Dist. Court,* 127 Nev. 672, 679, 263 P.3d 224, 229 (2011) (reviewing "a district court's award of attorney fees and costs, as a sanction, for an abuse of discretion" (internal quotation marks omitted)). We disagree.

Our review of the lengthy history of this case supports the district court's findings. As the district court correctly found, the parties agreed to the material terms of a binding settlement, but when Sheridan refused to sign a final agreement and attempted to renegotiate the agreed-upon terms, respondents had to incur additional attorney fees and costs to seek the district court's assistance to enforce that settlement. And although the district court found there was a valid settlement, Sheridan still refused to sign a final agreement, resulting in the district court dismissing her case in accord with the terms of that agreement. After this court affirmed the

---

[2]The district court previously awarded Sedlak costs, but denied Sedlak's request for attorney fees without prejudice to renew the request after the appeals were resolved.

district court's order of dismissal and explicitly rejected Sheridan's argument that respondents' violation of the settlement agreement's confidentiality provision voided that agreement, *see Sheridan*, Docket Nos. 76132, 78631 (Order of Affirmance, Mar. 18, 2020), Sheridan continued to file motions before the district court advancing this same argument.[3] Thus, we conclude that the district court did not abuse its discretion when it found that Sheridan's failure to abide by its order of dismissal "caused the need for extensive further litigation and the incurrence of additional attorneys' fees and costs by [respondents] to enforce the settlement agreement."[4] We further conclude that the amount of the district court's sanctions was appropriate because it was limited to those fees respondents incurred after Sheridan first refused to abide by the agreed-upon settlement.[5] *See*

---

[3]Indeed, Sheridan repeats this argument on appeal and appears to urge that respondents' alleged breach entitles her, rather than respondents, to an award of fees and costs. We remind Sheridan that this court previously concluded it was her counsel who first breached the settlement agreement's confidentiality provision. *See Sheridan*, Docket Nos. 76132, 78631 (Order of Affirmance, Mar. 18, 2020). Accordingly, we decline to address this argument any further.

[4]To the extent Sheridan argues that the district court's award was barred by the parties' agreement to bear their own attorney fees and costs, we disagree, as that provision did not curtail the district court's broad discretion to levy sanctions. *See Emerson*, 127 Nev. at 680, 263 P.3d at 229 (recognizing that the district court has "broad discretion" and "inherent power to impose sanctions for [a party's] misconduct" and litigation abuses).

[5]Sheridan's notice of appeal also designates the district court's order denying her motion for reconsideration of the sanction order. We lack jurisdiction to review that order because an order denying a motion for reconsideration is not appealable. *See Alvis v. State, Gaming Control Bd.*, 99 Nev. 184, 186, 660 P.2d 980, 981 (1983) (holding that an order denying a

*Emerson*, 127 Nev. at 681-82, 263 P.3d at 229-30 (concluding that an award of attorney fees as sanctions is appropriate where the amount of the award is proportionate to the misconduct). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[6]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc:    Hon. Mark R. Denton, District Judge
Rene Sheridan
McDonald Carano LLP/Las Vegas
Eighth District Court Clerk

---

motion for rehearing is not appealable), *overruled on other grounds by AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 245 P.3d 1190 (2010).

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.